UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

ROE, JOHN, et al.,

              Plaintiffs,

          v.

AMAZON.COM, INC., et al.,

              Defendants.

Case No. 3:15-cv-00111-TMR

Judge Hon. Thomas M. Rose

Magistrate Judge Michael R. Merz

**ANSWER AND DEFENSES OF DEFENDANT APPLE INC.**

---

## ANSWER

Defendant Apple Inc. ("Apple") by its undersigned attorneys, for its Answer to the Complaint of Plaintiffs John Roe and Jane Roe (collectively, "Plaintiffs"), states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Apple denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint, and specifically denies any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be deemed as denied. Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple states as follows in response to the specific allegations in the Complaint:

### First Claim

1. Apple admits upon information and belief that Plaintiffs reside in Miami County, Ohio and are domiciled in Ohio. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies those allegations.

2. Apple admits that it transacts business with consumers in the State of Ohio and that the Southern District of Ohio has personal jurisdiction over Apple for the purposes of this action, and Apple admits, upon information and belief, that Defendant Jane Doe is an individual who publishes under the pseudonym Lacey Noonan. Apple avers that Doe's true identity and contact information were made available to Plaintiffs' counsel, and Doe has not been served with the Complaint. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 2 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 2.

3. Apple admits that Smashwords, Inc. uploaded *A Gronking to Remember* (the "Book") to the iBooks Store in January 2015, after which it was available for download from the iBooks Store in the State of Ohio. Apple denies that the Book was otherwise

available from its website www.apple.com, or in paperback format from Apple.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 3 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 3.

4. Apple denies that it misappropriated or otherwise had any involvement in creating, selecting, or uploading the cover photograph for the Book, on a standalone basis, as incorporated in the Book, or otherwise.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 4 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 4.

5. This paragraph contains opinions and not factual allegations, and therefore no response is required.  To the extent a response is required, Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6. This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies those allegations.

7. This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 7.

8. This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 8.

9.      This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 9.

10.     Apple denies that it knew or should have known that it did not have the right to use the Plaintiffs' persona for commercial purposes entitling the Plaintiffs to the recovery of treble damages. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the remaining allegations in Paragraph 10.

11.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 11.

## Second Claim

12.     Apple repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

13.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 13.

14.     Apple denies the allegations in Paragraph 14.

15.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 15.

## Third Claim

16.     Apple repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

17.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 17.

## AFFIRMATIVE DEFENSES

Apple sets forth below its affirmative defenses.  Each defense is asserted as to all claims asserted against Apple.  By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs.  Apple does not in any way waive or limit any defenses which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Apple to assert such defenses, and are without prejudice to Apple's ability to raise other and further defenses.

As separate affirmative defenses, Apple alleges as follows:

### FIRST DEFENSE

This action is barred, in whole or in part, by the First Amendment.

### SECOND DEFENSE

This action is barred, in whole or in part, by the incidental use doctrine.

### THIRD DEFENSE

This action is barred, in whole or in part, by Ohio Rev. Code § 2741.09.

### FOURTH DEFENSE

This action is barred, in whole or in part, because Plaintiffs' likenesses lack any legally protectable commercial value.

### FIFTH DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, Apple denies that Plaintiffs are entitled to relief against Apple, and respectfully requests judgment dismissing the Complaint in its entirety with prejudice, awarding to it its costs and attorneys' fees pursuant to Ohio Rev. Code § 2741.07(D)(1), together with such other and further relief as the Court deems just and proper.

Dated: April 24, 2015

Respectfully submitted,

/s/ John W. Zeiger

| | |
|---|---|
| Bruce P. Keller (admitted *pro hac vice*) | John W. Zeiger (0010707), Trial Attorney |
| James J. Pastore (admitted *pro hac vice*) | Daniel P. Mead (0083854) |
| DEBEVOISE & PLIMPTON LLP | ZEIGER, TIGGES & LITTLE LLP |
| 919 Third Avenue | 3500 Huntington Center |
| New York, New York 10022 | 41 South High Street |
| (212) 909-6000 | Columbus, Ohio 43215 |
| (Fax) (212) 909-6836 | (614) 365-9900 |
| bpkeller@debevoise.com | (Fax) (614) 365-7900 |
| jjpastore@debevoise.com | zeiger@litohio.com |
| | mead@litohio.com |

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of April, 2015, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ John W. Zeiger
John W. Zeiger (0010707), Trial Attorney