# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**John and Jane Roe,**

                **Plaintiffs,**

**v.**                                               **Case No. 3:15-cv-111**
                                               **Judge Thomas M. Rose**

**Amazon.com, et al.,**

                **Defendants.**

---

### ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT, DOC. 61, AND ORDERING CLERK TO ENTER JUDGMENT IN FAVOR OF AMAZON.COM, INC., BARNES & NOBLE, INC., AND SMASHWORDS, INC.

---

Pending before the Court is Plaintiffs John and Jane Roe's Motion for Entry of Final Judgment. Doc. 61.  Therein, Plaintiffs request that the Court enter a final judgment as to Amazon.com, Barnes & Noble Inc,, and Smashwords Inc., (the Corporate Defendants) pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

Plaintiffs sued Jane Doe, alleging that the publication of their engagement photograph on the cover of Jane Doe's book, a book they describe as erotic, constituted wrongful appropriation of their personae, invasion of privacy, and "tort liability for violation of *Restatement* (Second) of Torts 652."  Liability was sought against the Corporate Defendants on the theory that they published Jane Doe's work.   The Corporate Defendants were awarded judgment on the pleadings because the Court determined that, as providers of on-demand publishing software and printers, they are book sellers rather than publishers, leaving Jane Doe as the only defendant in the case.

Federal Rule Civil Procedure 54(b) states, in part, that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  In allowing the trial court to certify a claim against one party for final appeal, Rule 54(b) "tries to strike a balance between the undesirability of piecemeal appeals . . . and the need to make the appellate process available in multi-claim and multi-party litigation to serve the best interests of the parties." *Jalapeno Property Management, LLC v. Dukas*, 265 F.3d 506, 513 (6th Cir. 2001).  In reviewing a district court's decision under Rule 54(b), the appellate court should give substantial deference to the decision of the trial court as long as it articulates the reasons for its decision. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 12 (1980); *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003).

The party seeking certification under Rule 54(b) need not show "harsh or unusual circumstances" to merit such a ruling; instead, "the proper standard against which a district court's exercise of discretion in granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 9.  The Supreme Court simply describes the "function of the district court under the Rule is to act as a 'dispatcher.'" *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).  The Sixth Circuit, however, in *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) and *Corrosioneering, Inc., v. Thyssen Env. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) delineated a "non-exhaustive list" of

five factors constraining trial court discretion when deciding whether to certify a judgment as final:

> (1) the relationship between the adjudicated and the unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Akers v. Alvey*, 338 F.3d 491, 495 (cf. *Curtis-Wright*, 446 U.S. at 10–11 ("because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow.")).

The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it. See *Curtiss-Wright*, 446 U.S. at 8 n.2. "The task of weighing and balancing the contending" equities of a case is "peculiarly one for the trial judge." *Curtiss–Wright*, 446 U.S. at 1. It is not the appellate court's role to "reweigh the equities." *Id.* at 10, 100 S. Ct. 1460. See also *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 955 (9th Cir. 2006)

### 1.  The Relationship Between the Adjudicated and the Unadjudicated Claims

The first factor weighs in favor of appeal because the issue of whether the dismissed parties can be held liable is a separate and distinct issue from whether the remaining defendant violated

Plaintiffs' rights, and is one that can be separately decided by the Court of Appeals without addressing or resolving the merits of the underlying claims. See *Twinsburg Apartments, Inc. v. Akron Metro. Hous. Auth.*, No. 5:04-CV-2173, 2006 WL 6584398, at *2 (N.D. Ohio Feb. 8, 2006). Requiring a trial against the remaining defendant that could result in a finding that the Plaintiffs' personae were wrongfully appropriated, only to then have an appeal against the dismissed Corporate Defendants, which, if successful, could result in a trial where a different jury found Plaintiffs' personae were not wrongfully appropriated is a situation to be avoided.[1]   An appellate resolution of the certified claims could facilitate a settlement of the remainder of the claims. See *Curtiss-Wright Corp.*, 446 U.S. at 8.

### 2.   The Possibility that the Need for Review Might be Mooted

This factor cuts against Plaintiffs, because there might eventually be no need for an appeal of this Court's dismissal order as to the Corporate Defendants.   Specifically, if it is later determined that Doe is not liable for publishing the book, then as a matter of law the Corporate Defendants cannot be liable in this case. See, e.g., *Corrosioneering, Inc.*, 807 F.2d at 1284.

### 3.   The Possibility That the Reviewing Court Might Be Obliged to Consider the Same Issue a Second Time

The Corporate Defendants urge that this factor weighs against granting the motion, fearing that two appellate panels might reach contradictory decisions. Doc. 62 at 5, PageID 1016 (citing See M. Duvall, *Resolving Intra-Circuit Splits in the Federal Courts of Appeal*, 3 FED. CTS. L. REV. 17 (2009).   The Corporate Defendants seem unaware of Sixth Circuit procedure.

> In appeals after this court returns a case to the lower court or agency for further proceedings…the original panel will determine whether

---

1 Both parties concede that two trials are a possibility without Rule 54 certification. See Doc. 62 at 3, PageID 1014.

to hear the appeal or whether it should be assigned to a panel at random.

6 Cir. I.O.P. 34(b)(2) *Subsequent Appeals Returned to Original Panel*.   There is no chance of a subsequent panel reaching a contrary opinion.

Moreover, the court perceives little chance that the reviewing court would face two appeals raising the same issue a second time.   The first appeal would likely concern liability for republishing.   Any second appeal would concern liability for initial publication.   Moreover, given the limited financial resources of the remaining defendants, appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims. See *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 8 n.2 (1980)).   This factor therefore weighs in favor of Rule 54(b) certification.

**4.     The Presence or Absence of a Claim or Counterclaim Which Could Result in Set-off Against the Judgment Sought to Be Made Final**

The instant case is unlike *Curtiss-Wright*, where a defendant sought certification while a large, liquidated $19,000,000 counterclaim pended at a time when the difference between the prejudgment and market interest rates would cause the plaintiff to suffer a severe daily financial loss unless certification was granted. See Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2659 (3d ed.).   Here, Plaintiff seeks certification and there is no pending counterclaim.   This factor thus weighs in favor of granting certification.

**5. Miscellaneous Factors Such as Delay, Economic and Solvency Considerations, Shortening the Time of Trial, Frivolity of Competing Claims and Expense**

Since at this point it will require two trials for Plaintiffs to obtain a judgment they can readily collect, shortening the time of trial by half means that this factor weighs in favor of certifying the appeal.

Mindful of the Sixth Circuit's admonition that for certification under Rule 54(b) to be proper, the case must qualify as an "infrequent harsh case," *Rudd Construction Equip. Co., Inc. v. Home Ins. Co*., 711 F.2d 54, 56 (6th Cir. 1983),[2] this Court believes that an analysis of the *Corrosioneering* factors mitigates in favor of certification of this Court's ruling on the Corporate Defendants' Motion to Dismiss. The relationship between the adjudicated and unadjudicated claims is such that they would be most efficiently dealt with in a single proceeding.   This case is dispatched.   Plaintiffs John and Jane Roe's Motion for Entry of Final Judgment, Doc. 61, is therefore **GRANTED**.   The Clerk is **ORDERED** to enter judgment in favor of Amazon.com, Inc., Barnes & Noble, Inc., and Smashwords, Inc.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 27, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

2 "[T]he phrase 'infrequent harsh case' in isolation is neither workable nor entirely reliable as a benchmark for appellate review. There is no indication it was ever intended by the drafters to function as such." *Curtiss-Wright Corp.*, 446 U.S. at 10.